1   **David G. Bray (014346)**
    **David.bray@mwmf.com**
2   **MARISCAL, WEEKS, McINTYRE**
        **& FRIEDLANDER, P.A.**
3   **2901 North Central Avenue, Suite 200**
    **Phoenix, Arizona 85012-2705**
4   **Phone: (602) 285-5000**
    **Fax: (602) 285-5100**
    **david.bray@mwmf.com**
5
    **Attorneys for Plaintiff**
6

7

8                   **IN THE UNITED STATES DISTRICT COURT**

9                           **DISTRICT OF ARIZONA**

10  **VIP Products, LLC**, an Arizona limited          No.
    liability company,
11                                                     **COMPLAINT**
                        Plaintiff,
12                                                     **(Declaratory Judgment)**

13          v.

14  **The Coca Cola Company** , a Delaware
    corporation,
15
                        Defendant.
16

17          Plaintiff, VIP Products, LLC ("Plaintiff' or "VIP") for its complaint against defendant

18  The Coca Cola Company ("Defendant"), by and through its undersigned counsel, Mariscal,

19  Weeks, McIntyre & Friedlander, P.A., hereby alleges and states as follows:

20                                          **I.**

21                                   **THE PARTIES**

22          1.      Plaintiff is an Arizona limited liability company corporation with its principal

23  place of business at 16515 S. 40th Street, Suite 121, Phoenix, Arizona 85048.

24          2.      Upon information and belief, defendant The Coca Cola Company is a Delaware

25  corporation with its principal place of business at One Coca-Cola Plaza NW, NAT 2028,

26  Atlanta, Georgia 30313.

                                            1

3.      Defendant is a citizen of a state other than Arizona, within the meaning of 28 U.S.C. § 1332(c)(1).  Defendant has caused events to occur in Maricopa County, Arizona out of which this complaint derives.

## II.

## JURISDICTION

4.      This Court has subject matter jurisdiction over this claim for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57, Fed. R. Civ. P., as this is a case of actual controversy within the Court's jurisdiction.  The Court has subject matter jurisdiction over the underlying claim pursuant to (a) 28 U.S.C § 1331, as it involves the right to use a trademark and threatened claims under the Lanham Act.

## III.

## VENUE

5.      Venue is proper in this district under 28 U.S.C. § 1391(a) and (c), as Defendant is subject to personal jurisdiction in this state.

## IV.

## JURY DEMAND

6.      Plaintiff demands a trial by jury on all claims so triable.

## V.

## FACTS COMMON TO ALL CLAIMS

7.      Plaintiff is engaged primarily in the business of designing, manufacturing, and marketing chew toys for dogs.

8.      Plaintiff sells several lines of dog chew toys, including the "Tuffy's" line (durable sewn/soft toys), the "Mighty" line (durable toys made of a different material than the Tuffy's line), and the "Silly Squeakers" (durable rubber squeaky novelty dog toys).

9.      One novelty dog toy in VIP's Silly Squeakers line is its "BARK'S" durable rubber squeaky novelty dog toy.

1    10.    Plaintiff is the owner of all rights in its BARK'S trademark and trade dress for

2  its durable rubber squeaky novelty dog toy.

3    11.    Upon information and belief, Defendant is the owner of several trademarks for a

4  variety of soft drinks, including the mark BARQ'S, United States Trademark Reg. No.

5  0546037.

6    12.    VIP designed the BARK'S label to incorporate a few elements of Defendant's

7  BARQ'S trade dress. On the other hand, VIP included drastic differences from Defendant's

8  BARQ'S marks and trade dress in the BARK's label to make it clear that it was a parody.

9    13.    Upon information and belief, on or about September 18, 2009, Defendant's in-

10  house legal counsel sent a demand letter to VIP by Express Mail in which Defendant

11  demanded that VIP cease and desist all sales of any novelty dog toy employing a parody of

12  any of Defendant's marks. [Exhibit A.]

13    14.    Upon information and belief, Defendant contends that Plaintiff's BARK'S

14  novelty dog toy infringes Defendant's trademarks and trade dress and requested that VIP

15  cease any advertising and/or distribution of any novelty dog toy employing a parody of any of

16  Defendant's marks. [Exhibit A.]

17                                          **V.**

18                              **CLAIM FOR RELIEF**

19                              **(Declaratory Judgment)**

20    15.    Plaintiff incorporates and realleges herein by this reference Paragraphs 1

21  through 14, inclusive, as though set forth in full herein.

22    16.    There is an actual and justiciable controversy between Plaintiff and Defendant

23  regarding Plaintiff's use of its BARK'S trademark and trade dress for its novelty dog toy.

24

25

26

17.     As a matter of law, Plaintiff's use of its BARK'S name and mark does not infringe any claimed trademark rights and/or trade dress rights that Defendant may claim in any trademark and/or trade dress for any of its products, including its BARQ'S mark associated with its root beer soft drink.

WHEREFORE Plaintiff respectfully requests that the Court:

A.     Issue a judgment declaring that Plaintiff's use of its BARK'S name and mark for its novelty dog toy does not infringe any trademark rights and/or trade dress rights claimed by Defendant, including any rights claimed by Defendant in its BARQ'S trademark and/or trade dress; and

B.     Grant such additional or other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 22nd day of September, 2009.

**MARISCAL, WEEKS, McINTYRE**
**& FRIEDLANDER, P.A.**


By: s/ David G. Bray_____
        David G. Bray
        2901 North Central Avenue
        Suite 200
        Phoenix, Arizona 85012-2705
        Attorneys for Plaintiff

U:\ATTORNEYS\Dgb\VIP Products\Coca Cola\Declaratory Judgment Complaint ver 2.doc